UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Steven P. Lemay

    v.                                                Civil No. 08-cv-195-SM

State of New Hampshire, et al.[1]

**REPORT AND RECOMMENDATION**

Before the Court for preliminary review is pro se and in forma pauperis plaintiff Steven Lemay's complaint (document no. 1) seeking the overturning of his civil commitment as well as money damages from defendants. For the reasons stated herein, I recommend this action be dismissed.

Standard of Review

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B). In conducting the preliminary review, the Court construes pro se

---

[1] In addition to the State of New Hampshire, Lemay names the following defendants to this action: New Hampshire Governor John Lynch, Strafford County, Strafford County Commission Chairman George Maglaras, and Strafford County Commission Vice Chairman Paul Dumont.

pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings generously in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Steven Lemay was charged with arson on August 6, 2006 by the Rochester Police Department.  The charges stemmed from a fire in Lemay's living room.[2]  After spending a year in the Strafford

---

[2] Lemay alleges that the Rochester Fire Department, in putting out the fire, caused significant and unnecessary damage

County House of Correction ("SCHC") pretrial, the Strafford County Superior Court Judge dismissed the arson charge. Lemay contends here that the case was dismissed because he is innocent of the offense charged, and not because he was deemed incompetent to stand trial.

During Lemay's pretrial incarceration, the State successfully sought to have Lemay civilly committed for a five-year period by the Strafford County Probate Court. In that proceeding, the State presented testimony from Dr. Breiholtz, who testified to Lemay's mental status, although he had not personally examined Lemay. Dr. Breiholtz instead testified from information obtained from Lemay's medical records. The providers cited in the records were not made available for Lemay's attorney to cross-examine at the hearing.

Lemay alleges that while he was at the SCHC, he suffered numerous abuses. Specifically, he alleges that he was pepper-sprayed several times, and that some kind of hot sauce was placed in his food, causing acid reflux disease, and causing him to have

---

to the interior and exterior of his home. Lemay, however, has not named the Rochester Fire Department or any of its employees as defendants to this action and, as these facts do not appear to be relevant to any of the defendants listed or claims alleged, I will not consider those allegations further in connection with this matter.

to be held in the SCHC medical department for four months.  Lemay alleges he was so ill during this time he was unable to shower for a period of sixty days.

## Discussion

I.   Overturning the State Probate Court Civil Commitment

Lemay requests that this Court overturn the commitment order of the Strafford County Probate Court.  The Rooker-Feldman doctrine precludes a federal district court from reviewing a final judgment of a state court.  See Lance v. Dennis, 546 U.S. 459, 463 (2006) (under Rooker-Feldman doctrine, federal district courts are precluded from exercising appellate jurisdiction over final state-court judgments); D.C. Ct. App. v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923).  The Rooker-Feldman doctrine applies only in limited circumstances, to cases where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment."  Galibois v. Fisher, 174 Fed. Appx. 579, 580 (1st Cir. 2006) (citing Lance, 546 U.S. at 464-65 and Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 291 (2005)).  Rooker-Feldman forecloses federal

court jurisdiction over claims that are inextricably intertwined with the claims adjudicated in a state court proceeding. See Sheehan v. Marr, 207 F.3d 35, 39-40 & n.4 (1st Cir. 2000); Wang v. N.H. Bd. of Registration in Med., 55 F.3d 698, 703 (1st Cir. 1995). "A federal claim is inextricably intertwined with the state court claims 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" Sheehan, 207 F.3d at 40 (quoting Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999)).

Once a state court issues a final judgment, a federal district court lacks jurisdiction to review the decision even if the state court judgment is patently wrong or was entered following patently unconstitutional proceedings. See Feldman, 460 U.S. at 486. Thus, a litigant may not seek to reverse a final state court judgment simply by recasting his complaint in the form of a civil rights action. See Fortune v. Mulherrin, 533 F.2d 21, 22 (1st Cir. 1976); see also Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993).

The proper recourse for a litigant in the state courts who is unhappy with the decisions of those courts is to pursue his appeal through the state appellate process, and then to the

United States Supreme Court.  In other words, a party is barred from seeking appellate review of a state court decision in the federal district court.  See Lance, 546 U.S. at 464; Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994); see also Wang, 55 F.3d at 703.

    Here, Lemay seeks an order of this Court overturning the findings and decisions of the Strafford County Probate Court on the basis that the commitment hearing violated his right of confrontation, and that the decision was made without sufficient evidence.  To decide these issues in Lemay's favor, this Court would have to invalidate the holding of the State court.  In essence, Lemay has appealed the State court's holding here, and this Court is precluded from exercising jurisdiction over such a claim.  Accordingly, I recommend that the claim seeking the reversal of Lemay's civil commitment be dismissed.

II.   Claims Against Strafford County

    Lemay claims that he was subjected to inhumane treatment at the SCHC.  Specifically, Lemay states he was pepper-sprayed several times and that "some kind of hot sauce" was put in his food, causing the destruction of his stomach valve and causing acid reflux disease requiring extensive medical attention.  As to

the pepper spraying, Lemay doesn't give specifics about who sprayed him, under what circumstances, and how he was injured by being pepper sprayed.  As to the hot sauce Lemay believes was placed in his food, he fails to state who put the sauce into his food or any other specifics about the placing of sauce in his food, and how the presence of hot sauce caused the significant harm alleged in the complaint.  Accordingly, I find that the complaint submitted contains insufficient factual allegations to give rise to a finding that defendants, members of the Strafford County Commission, committed any constitutional violation against Lemay.  Accordingly, I recommend dismissal of these charges.

## Conclusion

For the reasons stated herein, I recommend dismissal of this action in its entirety.  Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14

(1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

                                                  _____
                                                  James R. Muirhead
                                                  United States Magistrate Judge

Date:    October 16, 2008

cc:     Steven P. Lemay, pro se